**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIEDI FENG, | No. 10-71886 |
| Petitioner, | Agency No. A097-359-602 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Jiedi Feng, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010), and we deny the petition for review.  Because Feng filed her application before May 11, 2005, we apply pre-REAL ID Act rules.  *See Rizk v. Holder*, 629 F.3d 1083, 1087 n.2 (9th Cir. 2011).

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Feng's testimony and her written statement regarding where she lived and her interactions with the police during the time between her arrest and her departure from China.  *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (inconsistencies regarding events leading up to petitioner's departure went to the heart of claim and supported adverse credibility finding).  Feng's contention that she was not given an opportunity to explain the inconsistency is belied by the record, and her explanation does not compel a contrary conclusion.  *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Accordingly, in the absence of credible testimony, Feng's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Feng's CAT claim is based on the same testimony found to be not credible and she points to no other evidence that shows it is more likely than not

she will be tortured if returned to China, her CAT claim also fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**